# Money *v.* The State.

*Indictment for Removing Cotton subject to Landlord's Lien.*

1. *Removal of cotton subject to mortgage or landlord's lien; fraudulent intent.*—A conviction may be had for removing cotton subject to a mortgage or landlord's lien, with intent to defraud the mortgagee or landlord (Code, § 3835), although the only act of removal was hauling the cotton to the gin where it was to be ginned and packed for delivery as stipulated, provided this was done with the alleged fraudulent intent; and where there is evidence tending to show such fraudulent intent, as sending the cotton by another person, and not disclosing the fact that defendant sent it, a charge which ignores the question of intent, or withdraws this evidence from the consideration of the jury, is properly refused.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The indictment is found under section 3835 of the Code, and charges defendant with selling or removing a bale of cotton, with the purpose to hinder, delay or defraud Oliver Rushton, who had a lawful and valid lien thereto under a written instrument, lien created by law for rent or advances, or other lawful and valid claim, verbal or written, with knowledge of the existence of such claim. By the written contract between defendant and Rushton, the cotton was to be put in good order, and delivered to the latter at his store at Raif Branch. There was evidence tending to show that it was understood by the parties that the cotton should be ginned at Smilie's gin, which was on the direct route from the premises of defendant to the place of delivery, and to which it was carried. There was, also, evidence tending to show a fraudulent intent in removing the cotton. The defendant requested the court to instruct the jury, that if he was required by the contract to have the cotton ginned and packed and delivered to Rushton at Raif Branch, and he did no act of removal other than to haul it to the gin, and have it ginned and packed, they must acquit him, although he may have hauled the cotton to the gin with a fraudulent intent.

While the existence of a valid claim, or lien, and a sale or removal of the property subject thereto, with knowledge of the existence of the claim or lien, are essential elements of the statutory offense, the intent to hinder, delay or defraud the claimant, or lienor, constitutes its guilt. If it was understood by the parties that the cotton should be ginned and packed at a particular gin, and defendant carried it to such gin for no other purpose than to be put in order for delivery to Rushton, there would no criminality in such act of removal; the criminal intent would be wanting. But the place to which the cotton was removed is immaterial, if removed with the intent to defraud. Though it may have been understood that the cotton should be ginned and packed at Smilie's gin, preparatory to being delivered to Rushton, if it was carried to the gin with intent to defraud him, by selling it to some other person, or disposing of it in some other way, then the offense was complete.

The first charge requested by the defendant is based on the same state of facts as the second, omitting the fraudulent intent. This charge is objectionable, in that it ignores and withdraws from the consideration of the jury the evidence tending to show that the cotton was first removed to an

abandoned house, about a mile from the premises of defendant; that his cotton-house was burned, and that after the burning of the house, the cotton was carried to the gin by one Kimbrough, who did not inform the proprietor that it was defendant's cotton—evidence materially bearing upon the question of the intent with which the cotton was removed. The charge, in fact, withdraws entirely from the consideration of the jury the question of intent.

The third charge requested by defendant, is abstract, there being no evidence tending to show facts on which to base an honest belief that there was no lien on the cotton.

Affirmed.